IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02765-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

LAWRENCE HARRIS,

      Plaintiff,

v.

TULSA 66ERS,

      Defendant.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Lawrence Harris, initiated this action on October 9, 2014, by filing *pro se*

a Complaint (ECF No. 1) seeking $75,000 in money damages.  He alleges he resides in

Denver (ECF No. 1, attachment 2) and that his legal residence is in Chicago, Illinois

(ECF No. 3 at 5).  He also filed an Application to Proceed in District Court Without

Prepaying Fees or Costs (ECF No. 3), which will be granted.

      The Court must construe the Complaint liberally because Mr. Harris is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The Court may take

judicial notice of its own records and files that are part of the Court's public records.

*See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172

(10th Cir. 1979).  For the reasons stated below, the Complaint will be denied.

The only allegations Mr. Harris makes in the Complaint are as follows:

> I made a nogotiated [sic] deal with a Mr. Nate Tibetts in 2007
> head coach of the Sioux Falls Sky-Force basketball team a
> deal that turned bad because he gave me back 150 of my
> tryout money back [sic].  Aim [sic] claiming that he harrassed
> [sic] me through that because he went to an assistant coach
> of the Tulsa 66ers Mr. Dale Osburn in 2010, I feel like I was
> harressed [sic] because I didn't make the deal with him
> initaly [sic] thats [sic] dale Mr. Osburn.  I feel that I was set
> up in a way aim [sic] now asking to be placed on the Tulsa
> 66ers and for a amount of 75000 dollars.  Wich you can sue
> for in Tulsa Oklahoma.  This now becomes fraud because
> the traveol [sic] fees that was anounced [sic] was granted
> back in 2013 by Tulsa judge and the amount of 75000 that
> initaly [sic] sued for was brought down to 12,000 by Court of
> Appeals judge.  This is an amount that I did not sue for.

> This all started in 2007 and ended in 2010.

> 307 fraud against Tenth Circuit Court Judge for the
> amount of 75000 dollars.

ECF No. 1 at 1-4.

This is not the first Complaint Mr. Harris has filed in federal court concerning his

desire to play semi-professional basketball for the Tulsa 66ers.  *See also Harris v. Tulsa*

*66ers*, No. 13-cv-00699-CVE-PJC, 2013 WL 5964019 (N.D. Okla. 2013) (dismissed for

lack of subject-matter jurisdiction), *aff'd*, 551 F. App'x 451 (10th Cir. 2014); *Harris v.*

*PBC NBA DL, LLC*, No. 13-cv-00655-CVE-PJC, 2013 WL 5637058 (N.D. Okla. 2013)

(dismissed for lack of subject-matter jurisdiction); *Harris v. PBC NBADL, LLC*, No. 10-

cv-00782-CVE-FHM, 2011 WL 719619 (N.D. Okla. 2011) (dismissed for lack of subject-

matter jurisdiction), *aff'd*, 444 F. App'x 300 (10th Cir. 2011), *cert. denied*, 132 S. Ct.

2432 (2012).  The Tulsa 66ers is an NBA Development League basketball team.  *See*

*Harris*, 551 F. App'x at 451.

Mr. Harris asserts jurisdiction pursuant to "Lawrence Harris."  ECF No. 1 at 3. Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir.2005); *Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991).  The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject-matter jurisdiction.  *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir.2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  The Court has an obligation to consider whether subject-matter jurisdiction exists, even if the parties have not raised the issue.  The United States Court of Appeals for the Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

Mr. Harris must allege facts in his Complaint sufficient to show that this Court has jurisdiction, such as federal question or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting that although *pro se* litigants' pleadings are to be construed liberally, *pro se* litigants must follow the same rules of procedure that govern other litigants).

Mr. Harris's Complaint, which alleges harassment and a negotiated deal that

"turned bad," ECF No. 1 at 1, makes no reference to any federal law, and the Complaint cannot reasonably be construed to allege a claim arising under federal law.  Thus, there is no federal question jurisdiction.

As previously stated, Mr. Harris alleges he resides in Colorado and his legal residence is in Illinois.  The Tulsa 66ers is a citizen of Oklahoma.  *See Harris*, 551 F. App'x at 451.  Mr. Harris' reference to $75,000 may relate to the amount in controversy necessary for diversity jurisdiction.  However, even if there is diversity between the parties, venue is improper in this Court.

Section § 1391(b) of Title 28 of the United States Code sets forth the rules that govern venue in federal courts.  In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such

4

case to any district or division in which it could have been brought."

The Defendant does not reside in Colorado, and the Complaint is devoid of any allegations to indicate that the acts complained of occurred in the District of Colorado. As such, venue is improper in the District of Colorado.  The interests of justice do not necessitate a transfer of this action to another jurisdiction.  The Complaint and the action will be dismissed for improper venue.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Harris files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is granted.  It is

FURTHER ORDERED that the Complaint (ECF No. 1) and the action are dismissed without prejudice for improper venue.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED October 16, 2014, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court